[No. 21976. Department One. December 5, 1929.]

CHARLES E. SWALLEY, *Respondent*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*John S. Lynch* and *H. E. Grimm,* for respondent.

BEALS, J.—This is an appeal taken by the department of labor and industries of Washington from a

[1] Reported in 282 Pac. 905.

judgment of the superior court to the effect that one Charles E. Swalley is entitled to claim certain benefits under the industrial insurance act.

The facts giving rise to this controversy are, briefly stated, as follows: Charles E. Swalley and one James L. Vale jointly purchased a tract of timber land, each contributing one-half of the initial payment of $600, it being understood that the balance of the purchase price was to be paid as the timber on the land was cut and sold. The timber was suitable for ties, and it was agreed between Messrs. Swalley and Vale that the former was to conduct the logging operations and that a small mill owned by the latter was to cut the logs into ties. A broker was to dispose of the product, and, after deducting certain marketing expenses and paying the amount to be applied on the purchase of the timber, should divide the balance of the proceeds equally between Messrs. Swalley and Vale. Swalley, out of his share, was to pay all expenses in connection with the logging operations, and Vale, out of his share, was to pay all the operating expenses of the mill. Neither party was to be specifically repaid the sum originally advanced on account of the purchase of the timber. In the course of the operations, it so happened that the mill crew was short one man, and Vale requested Swalley to lend him one of his logging crew. In compliance with this request, Swalley himself went to work in the mill, and, while so employed, sustained certain injuries for which he sought compensation under the industrial insurance act. His claim being disallowed by the department, Swalley appealed to the superior court, which reversed the order of the department and entered judgment in Mr. Swalley's favor, from which the department prosecutes this appeal.

Appellant contends that Messrs. Swalley and

Vale were partners, and that, under Rem. Comp. Stat., § 7675 (as amended by Laws of 1921, ch. 182, p. 720, § 2), Mr. Swalley being, as a partner with Mr. Vale, himself the employer, cannot claim any benefit under the act, no notice having been given to the department, prior to the date of Mr. Swalley's injury of the fact that he was being carried upon the mill pay roll.

That portion of § 7675 upon which appellant relies reads as follows:

"Any individual employer or any member or officer of any corporate employer who shall be carried upon the pay-roll at a salary or wage not less than the average salary or wage named in such pay-roll and who shall be injured, shall be entitled to the benefit of this act as and under the same circumstances as and subject to the same obligations as a workman: Provided, that no such employer or the beneficiaries or dependents of such employer shall be entitled to benefits under this act unless the director of labor and industries prior to the date of the injury has received notice in writing of the fact that such employer is being carried upon the pay-roll prior to the date of the injury as the result of which claims for compensation are made."

It being admitted that, prior to Mr. Swalley's injury, no notice was given the department of the fact that he was carried upon the mill pay roll, appellant contends that the judgment of the trial court allowing Mr. Swalley the benefit of the act was erroneous.

Appellant earnestly contends that Messrs. Swalley and Vale were partners. Conceding that this is true, in so far as the ultimate division of the money received from the sale of the ties was concerned, this does not require a holding that the two men were partners in all the operations which resulted in presenting the finished product for market. Mr. Swalley paid out of his share of the proceeds all expenses of the logging operations, and Mr. Vale paid out of his share all the expenses of operating the mill. Mr. Swalley's wages

were, therefore, while he was working in the mill, paid directly and solely by Mr. Vale.

This being true, in the work upon which he was then engaged Mr. Swalley was not an "employer" within the meaning of the section above quoted, but, on the contrary, was Mr. Vale's employee. All wages paid to Mr. Swalley for work in the mill were paid by Mr. Vale. Mr. Swalley's proportion of the proceeds and ties was nowise lessened thereby, nor would the same have been increased to any extent had Mr. Vale been able to operate his mill with a short crew and not employed Mr. Swalley or anyone else to perform that particular portion of the work of the mill upon which Mr. Swalley was engaged at the time he was injured.

Under these peculiar circumstances, it was not necessary that notice of Mr. Swalley's employment be given to the department of labor and industries, and the judgment entered by the superior court, directing the department to place respondent under the workmen's compensation act and to allow him compensation thereunder for the injuries which he suffered as hereinabove set forth, was correct and is hereby affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.