[No. 22919. Department Two. January 23, 1931.]

ERICK W. PETERSON, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 295 Pac. 172.

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*W. Lon Johnson, Wentz & Bailey,* and *F. Leo Grinstead,* for respondent.

MILLARD, J.—The claim of Erick W. Peterson, for compensation under the industrial insurance act for injuries sustained while engaged in the construction of a logging road in Stevens county, was disallowed by the department of labor and industries. Peterson appealed to the superior court, which reversed the order of the department and entered judgment in the claimant's favor. The department has appealed from that judgment.

■ Appellant contends that respondent was injured while engaged in a joint adventure with Glen Baird; therefore, the department correctly rejected the claim.

The only testimony in the record is that of the respondent and it is, substantially, as follows:

At the time respondent was injured, he and Glenn Baird were owners in common of the northwest quarter of a certain section of timber land in Stevens county. Baird owned an undivided two thirds interest, and Peterson owned an undivided one third interest, in the tract. For the purpose of removing the timber therefrom, respondent, Glenn Baird, and Eldo Baird (who was employed and paid by his brother, Glenn Baird), began, October 18, 1926, the construction of a logging road on the land. It was agreed that the contribution of services of each in the construction of the road should be in proportion to the interest of each in the land. As Baird's interest of two thirds was twice that of the respondent, Baird employed and paid his brother, Eldo Baird, to assist him and respondent in clearing the right of way for the road.

The three men were continuously engaged from that time in the construction work, until October 22d, on which date Glenn Baird went to Spokane to purchase a quarter section of timber land adjoining the quarter section he and respondent owned. On the same day, Eldo Baird resigned. On Glenn Baird's return the next day, October 23d, the resignation of his brother was called to Glenn Baird's attention. Baird then agreed to pay respondent for his services according to the interests of the two parties in the property.

"When Mr. Baird came back I asked him where his brother was, and he stated that he went to work for Mr. Corr and the difference, in the wages was in the interest. Q. In other words, he would pay you the difference for your labor on the ratio of your interest in this land? A. Yes. Q. On what date did you start work on this road? A. On the 18th day of October. Me and Mr. Baird and a man Mr. Baird had with him to represent this other third interest. Q. There was a definite understanding that he was to pay you so much a day? A. Yes. Q. How much? A. The going wage. Q. No figure set? A. No."

Pursuant to the foregoing agreement, respondent and Glenn Baird were engaged from October 23d to the 28th, five days, in clearing the right of way for the road. On October 28th, while thus employed, respondent was injured by a blast of dynamite. Some time in May, 1927, Glenn Baird gave to the respondent a check for twenty dollars, in full payment of the work performed by the respondent from October 23d to 28th, inclusive. No payrolls were ever furnished to the department, nor was it ever notified of respondent's employment.

Respondent contends that he and Baird were not partners; that he is not claiming as an individual employer or as a member of a partnership employer; that he was an employee of Glenn Baird; therefore, he is

entitled to compensation, and § 1, ch. 136, Laws of 1923, p. 373 (Rem. 1927 Sup., § 7676), and § 2, ch. 182, Laws of 1921, p. 719 (Rem. Comp. Stat., § 7676), reading as follows, are not applicable:

"In all cases where partners or other persons are excluded on the payroll such statement shall state both the names and occupations of the parties excluded and no such persons shall be entitled to compensation unless notice in writing that such excluded person has been included is received by the department prior to the date of injury to such person. Such employer shall at the time of reporting his payroll also state the names and addresses of any contractor or subcontractor operating for or under him." Laws of 1923, ch. 136, p. 373, § 1.

"Any individual employer or any member or officer of any corporate employer who shall be carried upon the payroll at a salary or wage not less than the average salary or wage named in such payroll and who shall be injured, shall be entitled to the benefit of this act as and under the same circumstances as and subject to the same obligations as a workman: *Provided,* that no such employer or the beneficiaries or dependents of such employer shall be entitled to benefits under this act unless the director of labor and industries prior to the date of the injury has received notice in writing of the fact that such employer is being carried upon the payroll prior to the date of the injury as the result of which claims for compensation are made." Laws of 1921, p. 720, § 2.

This was a joint adventure. It related to a single transaction, that of building a logging road. Respondent and Baird engaged in a common enterprise for their mutual benefit, the construction of a logging road on their land for the purpose of removing the timber from that land. Both parties were interested in the accomplishment of the enterprise. Both were interested in the ultimate profits to be made by the building of the road and logging of the tract. Each of the

parties paid his share of the cost of that work; that is, each of the parties contributed his portion of personal services; and the labor contributed by each was in proportion to the interest each party had in the land, which would, of course, be his corresponding interest in the logging road. Baird owned a two thirds interest, therefore, he employed and paid a man to work with him and respondent, who owned a one third interest; or a share one-half the value of Baird's share or interest. When Baird's employee resigned, Baird agreed to pay to respondent sufficient compensation, for his services, to make Baird's contribution to the common enterprise two thirds of the total contributed. That did not make respondent Baird's employee. Baird's payment of compensation to the respondent was a simple way of dividing the cost of the road, according to the interests of the parties. Unless some such agreement had been made, the respondent would not have been entitled to compensation for his services, though they equalled or exceeded, in value, the services of Baird, whose interest in the enterprise was twice that of the respondent.

"Unless the contract so provides, no member of a joint adventure is entitled to any compensation for services rendered by him towards the common enterprise, and the fact that one of them is appointed the manager thereof does not change the rule." 33 C. J. p. 860, § 65.

*Swalley v. Department of Labor and Industries,* 154 Wash. 432, 282 Pac. 905, is not in point. That was a joint venture of Swalley and Vale, for cutting and manufacturing ties. Swalley engaged to pay all wages and expenses in the logging from his half of the proceeds. Vale engaged to pay all wages and expenses in operating the mill from his half. They were not partners in their respective operations. They were part-

ners only insofar as the ultimate division of the money received from the sale of the ties was concerned. Swalley, while employed as an emergency employee by Vale, in the mill, was injured. We held that he was an employee of Vale, and entitled to compensation. The wages paid to Swalley, for work in the mill, were paid by Vale. Swalley's proportion of the proceeds and ties was not lessened thereby, nor would the same have been increased, had Vale been able to operate his mill with a short crew, and not employed Swalley, or any one else, to perform the work upon which Swalley was engaged when injured.

The judgment is reversed and the cause remanded, with directions to the superior court to dismiss the proceedings.

TOLMAN, C. J., BEELER, BEALS, and FULLERTON, JJ., concur.