Argued June 5, reversed July 15, 1963

## ABRAMS *v.* PUZISS ET UX
### 383 P. 2d 1012

*Leo Levenson,* Portland, argued the cause for appellants. With him on the briefs were Paul R. Meyer, Marvin S. Nepom and Kobin & Meyer, Portland.

*Dwight L. Schwab,* Portland, argued the cause for

respondent. With him on the brief were Samuel B. Weinstein and Hutchinson, Schwab & Burdick, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

SLOAN, J.

Plaintiff seeks to recover compensation he alleged defendants were obligated to pay for services plaintiff performed in an attempt to plan and build an apartment house. The case was tried to the court without a jury. Plaintiff was awarded a judgment. Defendants appeal. The error assigned here was the failure of the trial court to allow a nonsuit and for failure to enter defendants' proposed findings of fact and conclusion of law.

Plaintiff was a building contractor in Portland. Defendants owned land in Portland that they considered suitable as a site for the construction of an apartment building. Defendants contacted plaintiff for that purpose. The parties reached a tentative basis for proceeding with the project. The plan of procedure proposed is found in the testimony of plaintiff. His suggested plan of action was this:

> "A    Yes. I told them that I do not build for a builder's fee. What I do is, I put the whole package together. I get building specifications, permits, and mortgage commitment, and for that I would want 50 per cent of the development. I told them that I would get a mortgage that would cover the cost of construction, that the only thing they would have would be their investment in the land."

This plan was submitted to attorneys for the respective parties. The attorney for defendants pre-

pared forms of contracts and articles of incorporation for a corporation that would own the building. The negotiations between the parties and the attorneys reached a stalemate and the negotiations were terminated.

In the meantime plaintiff had arranged for plans to be drawn, had arranged for a zoning change, discovered a defect in defendants' title to the land and had made overtures towards borrowing the money for construction. It was for these services that plaintiff brought this action on the basis of quantum meruit. The trial court found as a conclusion of law that the defendants, by their conduct, had created a contract implied in fact to pay plaintiff for the alleged services. We do not agree.

■ The conduct and participation of the parties were directed towards the promotion of a corporation and, for a time perhaps, they were in the status of joint adventurers. 1 Fletcher, Cyclopedia of Corporations, (Perm ed 1931) § 191. Whichever they were the law is certain that the proposed incorporators of a corporation or the proposed or actual members of a joint adventure are not entitled to compensation for services rendered for attempting the formation of the scheme. *Elliott v. Murphy Timber Co.,* 1926, 117 Or 387, 395, 244 P 91, 93, 48 ALR 1043, 1047; *Peterson v. Department of Labor and Industries,* 1931, 160 Wash 454, 457, 295 P 172, 173; 1 Fletcher, Cyclopedia of Corporations, supra; Annotation, 8 ALR2d, § 2, page 723.

■ There is a further policy reason that dictates our decision. It is a matter of common knowledge that contractors are constantly making estimates and bids for proposed construction—frequently at considerable

cost. It would be poor law to permit recovery of these costs to the unsuccessful bidder or estimator in the absence of a clear agreement that costs were to be paid.

The conclusion of law proposed by defendants that plaintiff could not maintain the action should have been entered. The cause is reversed with directions to enter such a judgment.